

GEORGIA M. PESTANA
*Acting Corporation Counsel*

THE CITY OF NEW YORK

LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/28/21
```

JORDAN MCKINNEY
*Assistant Corporation Counsel*
Phone: (212) 356-2012
Fax: (212) 356-3509
mmckinne@law.nyc.gov

July 26, 2021

**VIA ECF**
Honorable John G. Koeltl
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

          Re:    <u>Jenkins v. City of New York, et al.</u>, 21-CV-03722 (JGK)

Your Honor:

        I am an Assistant Corporation Counsel in the office of Georgia M. Pestana, Acting Corporation Counsel of the City of New York, representing defendant City of New York ("City") in the above-referenced matter, which on May 3, 2021 was designated for participation in Local Civil Rule 83.10 (Plan for Certain 1983 Cases Against the City of New York). Pursuant to § 5(a)(ii) of Local Civil Rule 83.10 and for the reasons set forth below, defendant City writes to respectfully request a stay of the present civil proceeding, in its entirety, pending the resolution of a Civilian Complaint Review Board ("CCRB") investigation, which relates to plaintiff's claims in this case.

        This is the first request for a stay of this litigation and plaintiff's counsel, Jarrett Adams, does not consent to this request. In addition, to the extent the Court is inclined to grant the within request, defendant City respectfully requests: (1) a three-week extension of time, from the date the stay is lifted, for defendants to answer or otherwise respond to the Complaint;[1] and (2) an adjournment of the Initial Conference presently scheduled for 12:00 p.m. on September 13, 2021. (See Civil Docket No. 20, filed June 10, 2021).

---

[1] Upon information and belief, purported defendants Officer Brandon Gembecki and Officer Jorge Monge were served with a copy of the summons and complaint on or about May 18, 2021. (See Civil Docket Nos. 15 and 16, filed May 21, 2021). At this time, however, this Office does not represent any of the individual defendants. As such, this request is not made on their behalves; however, it is hoped that the Court would, *sua sponte*, extend the time to answer on behalf of all defendants.

1

Case 1:21-cv-03722-JGK Document 21 Filed 07/26/21 Page 2 of 3

By way of background, plaintiff brings claims pursuant to 42 U.S.C. §1983 and New York State law alleging, inter alia, that on or about January 29, 2020, while walking on the sidewalk in the vicinity of 112nd Street in Harlem, defendant Officers Gembecki and Monge falsely arrested him and subjected him to excessive force. (See Complaint, Civil Docket No. 23 at p.11, filed April 28, 2021). Plaintiff further alleges that following his arrest he was falsely charged with criminal possession of a weapon, criminal possession of a controlled substance, and resisting arrest. (Id. at p. 12). Additionally, plaintiff brings a municipal liability claim against the City alleging that there is a pattern and practice within the NYPD of falsifying records and testimony in criminal matters. (Id. at p. 4).

Since receiving this case and beginning an investigation into plaintiff's allegations, this Office has learned that there is a pending CCRB investigation into the incident alleged in the Complaint. Accordingly, pursuant to § 5(a)(ii) of Local Civil Rule 83.10 and for the reasons set forth herein, defendant City respectfully requests a stay of the instant civil litigation, in its entirety, pending a resolution of this investigation.

As an initial matter, pursuant to § 5(a)(ii) of Local Civil Rule 83.10:

> if the incident or the conduct of defendants involved in the incident is the subject of an ongoing CCRB investigation, NYPD investigation or disciplinary proceeding, criminal investigation or outstanding indictment or information, discovery under this paragraph shall be suspended, and the City will produce the investigative records 30 days after the investigation or proceeding has been terminated (whether by completion of the investigation without charges being brought or by disposition of such charges).

As noted above, with respect to the incident underlying the allegations in the complaint, upon information and belief, there is a pending CCRB investigation into the incident. As such, the parties will require the documents associated with the CCRB's file, many of which will be protected from discovery by the deliberative process privilege prior to the conclusion of the CCRB investigation. See Nat'l Council of La Raza v. Dep't of Justice, 411 F. 3d 350, 356 (2d Cir. 2005)(the deliberative process privilege is (1) designed to promote the quality of agency decisions by preserving and encouraging candid discussion between officials, and (2) based on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news; an inter-agency or intra-agency document may be subject to the privilege if it is both pre-decisional and deliberative)(internal citations and quotations omitted).

For the reasons set forth above, defendant City respectfully requests a stay of the instant litigation, it its entirety, until the conclusion of the CCRB investigation. Should the Court be inclined to grant defendant City's request for a stay of this matter, defense counsel is prepared to notify the Court when the investigation concludes and/or file a status letter, at the convenience of the Court, regarding the progress of the pending investigation. In addition, to the extent the Court is inclined to grant the within request for a stay of this matter, defendant City additionally respectfully requests: (1) a three-week extension of time, from the date the stay is lifted, for all

properly named and served defendants to answer or otherwise respond to the Complaint; and (2) an adjournment of the Initial Conference scheduled for 12:00 p.m. on September 13, 2021.

Defendant City thanks the Court for its consideration of this request.

Respectfully submitted,

*Morgan C. McKinney, Esq.*

Morgan C. McKinney, Esq.
*Assistant Corporation Counsel*

**BY ECF**
Jarrett Adams, Esq.
*Attorney for Plaintiff*

Having considered the parties' positions,
(1) The conference scheduled for 9/13/21 is canceled.
(2) The case is stayed pending a decision in the ongoing CCRB investigation.
(3) The parties shall provide a status report to the Court by October 8, 2021, or 14 days after the conclusion of the CCRB investigation, whichever is earlier.

So ordered;
JGKoeltl
U.S.D.J.
7/28/21

3